FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
NOV - 3 2010
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DR. NAHEL N. SAIED, | CASE NO. 8:cv10-205 |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| CREIGHTON UNIVERSITY SCHOOL OF MEDICINE, | |
| Defendant. | |

THIS MATTER having come before the Court upon the Stipulated Motion for Entry of Protective Order and the Court being duly advised of the premises herein,

IT IS HEREBY ORDERED as follows:

1. Any documents produced or information provided by a party in response to any discovery request which contains personnel information concerning Defendant's employees other than the Plaintiff or financial information of the parties that is not otherwise subject to disclosure to the public ("Confidential Information") may be designated as "confidential" in the following manner:

   a. By imprinting the word "confidential" on the first page or cover of any document produced;

   b. By imprinting the word "confidential" next to or above any answer to any Interrogatory;

   c. With respect to electronic information, by noting in a separate writing, or in answer to any discovery request or disclosure under Fed.R.Civ.P 26, that such information is designated as "confidential".

2. All documents and information provided by a party through discovery designated as "confidential" by imprinting the word "Confidential" on the documents produced shall be subject to the following restrictions:

a. They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

b. They shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

   (1) The attorneys of record and persons employed by them;

   (2) Outside experts who have prior to disclosure, signed the Nondisclosure Agreement attached to this Order;

   (3) The parties;

   (4) This Court and Court personnel; and

   (5) Such other persons as the Court may specifically approve after notice and hearing.

c. That all information designated as "Confidential Information" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons to whom Confidential Information is disclosed and all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court.

d. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by Defendant or order of the Court.

e. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel

2

      desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

    f. There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

  3. Acceptance by a party of any information, document or thing identified as "confidential" hereunder shall not constitute a concession that the information, document or thing is confidential. If, subsequent to the acceptance of information or documents identified as confidential, a party wishes this Court rule upon the other party's claim of confidentiality, that party may move this Court for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the information or documents shall be on the party who made the claim of confidentiality. However, materials designated as confidential shall be treated as such pending resolution of the motion by the Court. Nothing herein shall preclude either party from challenging in court the confidential status of any document.

  4. In the event that a party shall desire to provide access to information or documents identified as "confidential" hereunder to any person or category of persons not identified above, it shall move this Court for an order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

  5. Upon final termination of this action, including all appeals, all confidential documents, and any other confidential information, provided in discovery, including any copies, excerpts, or summaries thereof that have been prepared by the parties, their counsel, and other persons or entities retained to assist either of the parties in this litigation, shall be returned to disclosing counsel. No copies shall be retained by a non-disclosing party's counsel or other individuals retained to assist them in this litigation. Counsel shall keep an

accurate record of all copies, excerpts or summaries of Confidential Information made by counsel and any other person retained to assist in this litigation. The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law. In the event copies of Confidential Information provided in discovery, including any copies or excerpts or summaries thereof, contain counsel's work product, counsel shall obliterate its work product and return such documents to disclosing counsel in accordance with the provisions of this paragraph.

DATED this 3rd day of November, 2010, at Omaha, Nebraska.

BY THE COURT:

_____
United States Magistrate Judge

Approved as to Form and Content:

_____
Raymond R. Aranza   #18523
222 South 15th Street
Suite 220
Omaha, NE 68102
(402) 350-9341
Attorney for Plaintiff

_____
Thomas F. Hoarty, Jr.   #11863
BYAM & HOARTY
317 American National Building
8990 West Dodge Road
Omaha, NE 68114
(402) 397-0303
Attorneys for Defendant

4

## NONDISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of _____. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____